MONT SOMES v. PEARL AINSWORTH ET AL.

Decided June 10, 1903.

**Argument of Counsel—Former Appeal.**

    Argument of counsel discussing to the jury the effect of the opinion upon a former appeal and pressing a construction of such opinion which was unwarranted, held ground for reversal.

 Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

   *Clark & Bolinger* and *J. A. Kibler,* for appellant.

   *J. T. Sluder,* for appellees.

   KEY, ASSOCIATE JUSTICE.—This is the second appeal in this case. The nature of the case is stated in our former opinion, in 67 S. W. Rep., 468.

   We sustain the ninth assignment of error which complains of the action of the trial court in permitting the plaintiff's counsel to discuss before the jury the opinion of this court rendered on the former appeal, and to urge before the jury a construction of that opinion not justified by its terms, in which argument it was contended that the decision referred to held, in effect, that if the lender of the money to Mrs. Ainsworth, for which the note in controversy was executed, intended to and did look to the separate property of Mrs. Ainsworth as security for the debt, then the money so obtained by mortgage upon her separate property would be the separate property of Mrs. Ainsworth.

   It was held on the former appeal, and is still held, that if the money referred to was, by agreement or understanding between Mrs. Ainsworth and her husband, borrowed for her separate estate, and under a contract which required it to be paid out of her separate property, with no intention that the husband should be looked to for payment of the debt, then it would be her separate property; otherwise it would be community property. In other words, if the husband's credit was used at all in the procurement of the money, then it was community property. The husband signed the note, and the lender testified that he looked to the husband, as well as the mortgage, for the payment of the debt. If the transaction was in fact as stated by the lender, then the money was community property. Under the statute, the money referred to was presumed to be community property; and the testimony contained in the statement of facts tending to show the contrary is very meager indeed. Hence it seems probable that the jury in reaching the conclusion that the note sued on was the separate property of Mrs. Ainsworth, were influenced by the erroneous construction of our former opinion which her counsel was permitted by the court to urge upon the jury over the protest of the defendant.

   The judgment is reversed and the cause remanded.

*Reversed and remanded.*